IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN SHAPIRO,                                      Civ. No. 6:25-cv-02340-AA

                        Plaintiff,               **OPINION & ORDER**

            v.

JOY CAMPANELLI

                        Defendant.

_____

AIKEN, District Judge.

    Self-represented Plaintiff John Shapiro seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED. However, the Complaint, ECF No. 2, is DISMISSED without leave to amend. Additionally, Plaintiff is ordered to submit a complete and correct mailing address to the Court within 30 days of this Opinion.

**LEGAL STANDARD**

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency.  Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 1, and the petition will be GRANTED.

The Complaint in this case consists of two statements: "Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights" and "Plaintiff demands $1 Million against Defendant." Compl. 1.

The assertions that Defendant "conspired with others" and "violated [Plaintiff's] Fourteenth Amendment Rights" are legal conclusions. The Complaint contains no factual content to support the legal conclusions he asserts. Said another way, the Court has been given no factual information about what happened to Plaintiff, where it happened, or when it happened.  The Court cannot accept bare legal conclusions unsupported by facts as an actionable claim, therefor Plaintiff's Complaint must be dismissed.

Plaintiff submitted what appears to be an incomplete mailing address. In attempting to determine whether the address was complete, the Court discovered that Plaintiff has filed identical complaints with dozens of other federal district courts within the same month as this complaint. A court may take judicial notice of court

filings from other state or federal court proceedings. *See Duckett v. Godinez*, 67 F.3d

734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d

741, 746 n. 6 (9th Cir. 2006)

This Court is not the first to notice this slew of filings. Magistrate Judge Sheila

K. Oberto of the Eastern District of California filed Findings and Recommendations

in No. 1:25-cv-01859 on December 18, 2025, that helpfully compiled the cases filed by

Plaintiff through that date.[1] Several more district court cases have been filed

since. *See Shapiro v. Campanelli,* No. 2:25-cv-4980 (D. Ariz., Dec. 19, 2025); No. 2:25-

cv-823 (E.D. Va., Dec 19, 2025); and No. 1:26-cv-20119 (S.D. Flor. Jan. 8, 2026).

Additionally, since Judge Oberto filed her Findings and Recommendations,

Plaintiff has appealed dismissals in several of these duplicative actions to the

applicable Circuit Court of Appeal—including dismissals without prejudice and with

leave to amend. *See Shapiro v. Campanelli*, No. 25-14526-E (11th Cir. 2025); No. 25-

6209 (10th Cir. 2025); No. 26-1028 (1st Cir. 2026); No. 26-1011 (7th Cir. 2026).

---

[1] "*See Shapiro v. Campanelli*, No. 1:24- cv-02535, at 3 & n.1 (S.D. Ind. Dec. 16, 2025) (citing Case No. 8:25-cv-4090 (D. Md. Dec. 11, 2025); Case No. 5:25-cv-143 (W.D. Va. Dec. 11, 2025); Case No. 1:25-cv-530 (D.N.H. Dec. 12, 2025); Case No. 3:25-cv-354 (N.D. Miss. Dec. 12, 2025); Case No. 3:25-cv-1025 (W.D. Wis. Dec. 12, 2025); Case No. 1:25-cv-701 (D. Idaho Dec. 15, 2025); Case No. 2:25-cv-1220 (E.D. Tex. Dec. 15, 2025); Case No. 1:25-cv-373 (E.D. Tenn. Dec. 15, 2025); Case No. 2:25-cv-13861 (D.S.C. Dec. 15, 2025); Case No. 5:25-cv-1517 (W.D. Okla. Dec. 15, 2025); Case No. 3:25-cv-3395 (C.D. Ill. Dec. 15, 2025); Case No. 1:25-cv-671 (D.R.I. Dec. 15, 2025); Case No. 3:25-cv-735 (D. Nev. Dec. 15, 2025); Case No. 1:25-cv-737 (S.D.W.V. Dec. 15, 2025); Case No. 2:25-cv-159 (N.D. Ga. Dec. 16, 2025)); see also 3:25-cv-30209 (D. Mass. Dec. 12, 2025); 1:25-cv-00294 (D. Wy. Dec. 15, 2025); 4:25-cv-679 (N.D. Okla. Dec. 15, 2025); 4:25-cv-01416 (N.D. Tex. Dec. 15, 2025); 3:25-cv-00199 (M.D. Ga. Dec. 15, 2025); 8:25-cv-00722 (D. Neb. Dec. 16, 2025); 1:25-cv-1252 (D.N.M. Dec. 16, 2025); 2:25-cv-02139 (N.D. Ala. Dec. 16, 2025); 2:25-cv-00159 (S.D. Ga. Dec. 16, 2025); 5:25-cv-04122 (D. Kan. Dec. 16, 2025); 3:25-cv-00414 (S.D. Tex. Dec. 16, 2025); 3:25-cv-06134 (W.D. Wash. Dec. 16, 2025); 3:25-cv-01452 (M.D. Tenn. Dec. 16, 2025); 1:25-cv-00045 (D. Guam Dec. 17, 2025)." Findings and Recommendations, *Shapiro v. Campanelli*, No. 1:25-cv-01859, Dkt. No. 4 at 4 (E.D. Cal. Dec 18, 2025).

Under § 1915(e)(2)(B)(i), a district court may dismiss an action is frivolous or malicious. "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious[.]" *Bryan v. Campbell*, No. CV 10-882-ST, 2010 WL 4641683 (D. Or. Nov. 4, 2010) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir.1997); *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988).

If Plaintiff had only one duplicative suit, the Court would find this action frivolous. Because the Plaintiff has filed dozens of duplicative lawsuits and is currently engaged in duplicative appeals in at least four appellate courts, the Court finds it abundantly clear that Plaintiff's complaint is both frivolous and malicious.

Because Plaintiff has in recent weeks appealed several dismissals that are duplicative of the claim before this Court, all of which are currently pending, the Court finds that any appeal of this Opinion cannot be taken in good faith. 28 U.S.C § 1915(a)(3). See *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206 (D.C. Cir. 1997) ("The purpose of § 1915(a)(3) is not simply to deter, but to preclude prisoners (and nonprisoners) from taking appeals *in forma pauperis* when they attempt to do so in bad faith.")

Finally, Plaintiff's address is indeed incomplete. This Court's previous mailings to Plaintiff were returned as undeliverable. ECF Nos. 5,6. Plaintiff is ordered to correct the deficiency in his mailing address within 30 days of this order.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED but the Complaint, ECF No. 2, is DISMISSED without leave to amend and without service on Defendants. Plaintiff is ordered to submit a complete and correct mailing address within 30 days of this order.

It is so ORDERED and DATED this ____14th____ day of January 2026.

 /s/Ann Aiken
ANN AIKEN
United States District Judge